## No. 13,327.

PEOPLE EX REL. AXTELL *v.* MILLIKEN, AS MANAGER OF
SAFETY AND EXCISE ET AL.
(42 P. [2d] 195)

Decided March 4, 1935.

Mr. EDWARD V. DUNKLEE, Mr. CARL CLINE, Mr. OMAR E. GARWOOD, Mr. WILLIAM E. LESTER, for plaintiff in error.

Mr. JAMES D. PARRIOTT, Mr. ROBERT J. KIRSCHWING, Mr. KARL C. BRAUNS, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error will be referred to as plaintiff. She is the widow of Harold W. Axtell, deceased, who, on April 3, 1931, was a captain in the police department of the City and County of Denver under civil service regulations, and while at home, and not in the performance of the duties of his office, died from a gun shot wound in an

altercation with his wife, the plaintiff. Upon trial, plaintiff was thereafter acquitted of murder, and by her replication in this case, alleged that the death of Axtell was accidental. A minor daughter of Axtell was enrolled by the defendants in error as a beneficiary of the police department relief fund, and has been paid the sum of eight dollars per month. Plaintiff, as widow, applied for the pension provided for widows of members of the department. This application was denied and plaintiff thereupon instituted this action in the district court for a writ of mandamus. Upon trial judgment was entered for defendants and the alternative writ dismissed. She now seeks a reversal of this judgment.

For the purposes of the trial, it was stipulated in substance as follows: That Harold W. Axtell died on April 3, 1931, while a captain in the police department under civil service, though not in the performance of his duties at the time of his death; that he left surviving him a dependent family and plaintiff, his widow; that a minor daughter was enrolled as a beneficiary of the relief fund; that plaintiff's application as widow for enrollment thereunder was refused by defendants; that Axtell died from a gun shot wound; that plaintiff was tried for his murder and acquitted.

Upon proof of the enrollment of the minor daughter and payment to her of eight dollars per month, and that Axtell was a regular member of the police department at the time of his death, plaintiff rested her case. The defense was that Axtell died as a result of a gun shot wound inflicted by plaintiff in a family quarrel, and that at that time and place, he was not engaged in the line of his duties as a police officer; also that Axtell died as the result of his own immoral and intemperate acts during a family quarrel.

Plaintiff, called for cross-examination, was interrogated concerning her testimony given in her defense upon the trial for the murder of deceased. The substance of this evidence was: That at about 4 o'clock in

the afternoon of April 3, 1931, "We were in a fuss"; that they got into a fight; he had a gun, she got it, tried to shoot herself, and he threw a pitcher at her; she pointed the gun at him, it exploded and killed him; that at said time he made a request of her that she have unnatural sexual relations with him, to which request, she did not and could not comply; that he had made this request three or four times; that this was the principal cause of the quarrels that arose between herself and deceased; that at the time of the tragedy, he chased her into the basement with a gun, beat her with a board and threw a pitcher at her.

The correctness of the judgment clearly rests upon the solution of either or both of the following questions: Did Axtell lose his life while engaged in the line of his duties; and, was his death the result of immoral conduct, or immoral or intemperate habits?

On the second question, counsel for defendants rely upon section 1576 of the Denver municipal code, 1927, which was admitted in evidence and in so far as it relates to this case, is as follows: "If any such officer, member or employe die while in the service of said department (and such death is not the result of immoral conduct, or immoral or intemperate habits), leaving a family theretofore dependent upon him * * *."

Little discussion is necessary to dispose of the question, as to whether Axtell's death was the result of immoral conduct, or immoral or intemperate habits. When he entered upon the duties of his employment, he took upon himself certain moral and legal engagements of duty, which became his official obligations. It is certain that when, by his vicious and debased course of conduct in his home, undisputed here, he provoked a quarrel with plaintiff, his wife, he was not, even in a slight way, engaged in a duty connected with his employment or acting in his official capacity, nor was he serving the department; but quite to the contrary, was destroying the social and moral structure he had sworn to uphold and protect.

He produced the cause that resulted in his death, the penalty of his own unspeakable immoral conduct. It was incumbent on him to keep within the morals required of his office, if he expected to remain in good standing to the end that his family might be protected in the event his life was taken while acting within the scope of his employment. His dependents' rights were grounded in his devotion to duty and the good quality and maintenance of his moral standing. Destruction or security was his choice. His moral collapse extinguished all benefits flowing from a benevolent provision, the right to profit by which was entrusted to his keeping.

These answers to both questions preclude any enrollment for pension benefits in the case before us. Plaintiff has answered her own contentions. If she slew an innocent man, then she was guilty of murder; if the homicide was accidental on her part under the circumstances, or justified, as she claims, then the event does not absolve deceased from the exception in the ordinance.

Judgment affirmed.