264 P.2d 1033 (1954)
128 Colo. 556
BOARD OF TRUSTEES OF POLICEMEN'S PENSION FUND OF CITY OF PUEBLO et al.
v.
STARASINICH.
No. 17052.
Supreme Court of Colorado, En Banc.
January 4, 1954.
John H. Marsalis, Pueblo, for plaintiffs in error.
Frank A. Bruno, H. D. Reed, Denver, for defendant in error.
HOLLAND, Justice.
Defendant in error Starasinich, hereinafter referred to as petitioner, on his petition in the district court was awarded pension benefits growing out of injuries received during his twenty-three years of service as a policeman under civil service by the city of Pueblo, from which position he was discharged on July 30, 1949 for misconduct. He filed his petition for reinstatement in the district court in December of 1949, and later amended. He was awarded back payments in the sum of $2,726.22, with interest from May 1, 1951 through January 31, 1953, and a monthly pension of $123 being one-half of his monthly pay at the time of discharge, from and after February 1, 1953. The Board of Trustees of the Policemen's Pension Fund of the City of Pueblo and its individual members are here by writ of error to review this judgment.
Plaintiffs in error contend that the petitioner was not qualified or eligible for a pension based on disability under section 524, chapter 163, '35 C.S.A., which is as follows:

*1034 "If any member [or] officer of any police department shall become mentally or physically disabled so as to render necessary his retirement from service in such department, said board of trustees shall retire such member from service in such department, and he shall receive from the pension fund * * *."
They contend that the applicant must be a member of the police department at the time of his application in order to be eligible, and further, that discharge or resignation thereby terminating membership forfeits any claim to a pension unless provided otherwise by statute. It further is contended that the trial court did not have jurisdiction or authority to award a pension, because the pension board had not acted upon the merits of petitioner's claim, but had personally advised him that he had "no status" for a pension; that this duty delegated to the pension board is executive and not administrative in character and grants to the board the right of discretion to determine a case on its merits and unless its decision was clearly arbitrary, capricious or showed an abuse of discretion and was contrary to the evidence, the court was without jurisdiction to disturb such decision; finally, that if the trial court clearly determined that petitioner did have status to apply for a pension, then the court had authority only to order the board to hear and determine petitioner's application and report its findings back to the court; and that the court did not have jurisdiction to exercise the functions duly delegated to the board to hear and determine the merits of the case. Petitioner contends that the statutes and ordinances require only that he be a member in good standing at the time of suffering his injury and disability, and that there is no requirement that he be a member in good standing at the time of his application; that his discharge for misconduct has no effect upon his application for pension when such application is based upon a physical disability suffered and incurred prior to the time of discharge and while the applicant was a member in good standing; that the denial of petitioner's application by the pension board was not based upon any theory of misconduct; and that the trial court had authority to determine the pension status of the case, because such determination was upon stipulated facts. The substance of the stipulated facts is to the effect that on June 19, 1926, petitioner was duly certified to the position of patrolman in the police department by the Civil Service Commission of Pueblo, and entered upon his duties immediately; that he continued therein until July 30, 1949; that from the date of his appointment to and including the date of his discharge he contributed one per cent of his monthly salary to the Policemen's Pension Fund; that on July 28, 1949, upon complaints of alleged misconduct, he was suspended from his duties, and after a hearing, on July 30, 1949, was discharged from the service; that at that time his salary was $246 per month. The evidence shows that at the time he was certified to enter upon his duties, it was shown by a physical examination that he had no disability; that on March 15, 1942, he was injured while in the course of his duty and was hospitalized and as a result of this injury, suffered sixty per cent loss of hearing in both ears; and the condition is now diagnosed as mastoiditis; that for more than fourteen years he suffered from an injury to his knees while in the performance of his duties as a patrolman; that he received treatment by the police surgeon of the city of Pueblo from time to time, which treatment required a withdrawal of fluid from both knees. These conditions, as a result of the injuries mentioned, existed at the time of his discharge on July 30, 1949.
On April 27, 1951, petitioner made written application to the Board of Trustees of the Policemen's Pension Fund for a pension based upon the disabilities herein mentioned. This application was considered by the Board on August 15, 1951 and it was then determined by the Board that petitioner "has no status for application for a pension." Petitioner then, by leave of court, filed a second amended complaint wherein he made claim of his right to the pension.
*1035 The defendants answered, admitting formal parts of the complaint, but denying the permanent disabilities or that he was entitled to a pension; and as additional affirmative defenses alleged that petitioner was not eligible for pension on April 29, 1951, because at that time he was not a member of the police department, and that his action was barred by the statute of limitations. On December 2, 1952, it was stipulated by the respective parties to the action, among other things, as follows:
"That the testimony heretofore taken before the court and now transcribed and made a part of this record, together with the exhibits offered at said hearing, the exhibits attached to the answer of the second amended complaint, are the true facts upon which judgment must be based; further that the parties agree that the court in its discretion may determine the issues thus raised upon the pleadings as they now exist, together with the testimony heretofore taken and the exhibits offered and attached to said pleadings."
The issues were thus submitted; arguments made; and the trial court made its findings of fact and conclusions of law, and entered the judgment hereinbefore mentioned.
There seems to be but little dispute about petitioner's disabilities, and no contention now that the statute of limitation has run against the claim. The entire controversy hinges upon the question of eligibility, which rests on the question of whether petitioner was a member of the department in good standing at the time of his application, or whether he was eligible if his injuries occurred in the course of his duties and during the time he was a member in good standing.
In the absence of any statutory provisions on the subject of the misconduct of one primarily entitled to receive a pension, the majority rule seems to be that such misconduct is not ground for denial of a pension. Unless such statutory provision appears, a pension board is without authority in adopting rules and regulations in compliance with the pension statutes or ordinances, to adopt a rule that disqualifies for misconduct. We find no such provision in the policemen's pension statutes of this state and nothing in the ordinances of Pueblo adopted to carry out the statutory provisions. Therefore the trial court was correct in its conclusion of law, "That plaintiff's discharge from said police department on July 30, 1949 for alleged misconduct does not, in any manner, invalidate his claim for a disability pension." On this question there is some discussion of the case of People ex rel. Axtell v. Milliken, 96 Colo. 290, 42 P.2d 195, 196, however, in that case the Denver Municipal Code contained the following provision:
"if any such officer, member or employe die while in the service of said department (and such death is not the result of immoral conduct, or immoral or intemperate habits), leaving a family theretofore dependent upon him. * * *"
Therefore the case cited can have no application here.
To determine the status of petitioner on the question presented, we must accept the law as enacted and not undertake to read into the statutes or ordinances requirements or conditions not imposed by the Legislature and thus change the law by judicial construction. We find section 522 of chapter 163, '35 C.S.A., being a part of the statutes on policemen's pension funds in towns and cities to be as follows:
"The state treasurer shall pay, or cause to be paid, all moneys so placed in said policemen's pension fund on warrants drawn as hereinbefore provided, to the treasurers of the policemen's pension fund, for the use and benefit of the members, their widows, dependent children and dependent mothers and policemen who have been members in good standing of such police departments or relief associations at the time of death or injury." (Emphasis supplied.)
Section 4 of Ordinance No. 1306 of the City of Pueblo provides:
"No person shall be entitled to the benefits of the Policemen's Pension *1036 Fund of Pueblo or to any payments out of said fund unless he now or hereafter becomes a member or employee of the police department of Pueblo and in the classified civil service, and such dependents of such members and employees as are entitled to a pension under the State Act of the General Assembly."
It seems unmistakable that the language of the above statute grants and limits pension benefits and fixes the point of time at which the individual or class is determined a beneficiary, and it is quite clear that it is intended to cover "policemen who have been members in good standing of such police department", and the real, significant point of time is, "the time of death or injury."
The petitioner for twenty-three years was a member of the police department in good standing and received injuries during that period. In addition thereto, he, to sustain the fund, contributed one per cent of his salary thereto. According to the dates disclosed by the record, he was a member in good standing at the time of the injuries he received in the course of his duties. His rights to benefit from this fund attached the moment his disabilities occurred while he was a member in good standing. The postponement of an attempt to obtain such benefits is not consequential, except in that the amount to be received by him can be demanded only from and after the date upon which his application is made therefor; however, his right to make such application relates back to the dates of the injuries that brought on his disabilities. It is our opinion that the petitioner fulfilled the statutory requirement relating to pensions in such matters; otherwise, situations could arise whereby an employee in every respect eligible could be capriciously discharged immediately after an accident and before he could make application for the benefits, thus defeating his rights thereunder.
We believe the findings of fact and the conclusions of law of the trial court to be correct in every respect, and the judgment entered thereon should be, and is affirmed.