[No. 34270.   Department One.   May 15, 1958.]

THE STATE OF WASHINGTON, *on the Relation of Clyde John-son, Appellant,* v. R. M. FUNKHOUSER *et al.,* *Respondents.*[1]

[1]Reported in 325 P. (2d) 297.

*R. W. Greene* and *David E. Rhea*, for appellant.

*Bruce T. Rinker*, for respondents.

OTT, J.—In March, 1954, Clyde Johnson, who had been a patrolman in the police department of the city of Bellingham continuously since November, 1945, injured his right knee while in the performance of his police duties. Later, the injury was so seriously aggravated that he could not continue his work, and has not since been able to perform the duties of a patrolman. The pension board granted Johnson full pay sick leave benefits, as provided by RCW 41-.20.120, for a period of six months ending December 17, 1954.

June 15, 1954, while still disabled, charges of misconduct were filed against Johnson before the civil service board of the city of Bellingham. A hearing was held and, on August 13, 1954, the civil service board delivered to the city comptroller its findings and conclusions that Johnson be dismissed from the police department. No appeal was taken from these proceedings. On the same day, August 13th, Johnson filed an application for a permanent disability pension, in conformity with the provisions of RCW 41.20.060 and 41.20.070. The pension board did not act upon the application until December 10, 1954, when, at its request, two doctors examined Johnson and determined that he was still suffering from "a permanent disability of the right

knee as a result of the injuries described." December 17, 1954, the pension board summarily discontinued Johnson's sick leave benefits and denied his application for a pension.

Johnson petitioned the superior court for Whatcom county for a writ of mandamus, alleging that his disability was service connected; that it was permanent, and that the action of the board in denying him the benefits of his disability contract was arbitrary and capricious. The answer denied that the injuries were service connected or that Johnson was entitled to a disability pension, and alleged that the board, in the exercise of its discretion and after considering the application on its merits, had denied the same.

With the issues thus joined, the cause proceeded to trial before the court. The trial court denied the petition for a writ of mandamus upon the ground that Johnson was not a member of the police department at the time he made his application for permanent disability benefits. Johnson has appealed.

Relator's nine assignments of error present a single query: When do disability pension rights accrue under the questioned statute?

The statute in question, RCW 41.20.060, provides in part:

"Whenever any person, while serving as a policeman . . . becomes physically disabled by reason of any bodily injury received in the immediate or direct performance or discharge of his duties as policeman, or becomes incapacitated for service, such incapacity not having been caused or brought on by dissipation or abuse, . . . the board may, upon his written request filed with the secretary, or without such written request, . . . retire such person from the department, . . ."

The only statutory condition precedent to the allowance of the disability benefits is the *fact* of disablement resulting from the performance of police duties. (Dissipation or abuse is not an issue here, nor is it contended that the right was barred by any applicable statute of limitation.)

An application for a disability pension serves only as the means by which the right is brought before the pension tribunal for adjudication upon its merits. When one's contract of employment includes service connected disability rights, those rights become vested at the instant the employee is injured in the course of his employment. The statute does not require that application for disability benefits must be made while the applicant is a member of the police department.

RCW 41.12 grants to cities the power to establish civil service tribunals for their police departments. The civil service board's exclusive jurisdiction relates to the employment and discharge of employees. RCW 41.20 establishes a separate tribunal with exclusive jurisdiction to determine policemen's pension rights, both those derived from tenure of service and from service connected disability.

Pensions granted because of disability can be terminated only by the pension board, as provided by RCW 41.20.060 and 41.20.110. The statutory jurisdictions of the civil service board and the pension board are separate and distinct. The action of the civil service board terminated Johnson's employment as a policeman, but did not affect his vested right to disability benefits, over which the pension board has exclusive jurisdiction.

The board and the court denied relator disability benefits, apparently relying upon the following statement in *Luellen v. Aberdeen*, 20 Wn. (2d) 594, 608, 148 P. (2d) 849 (1944):

"It quite clearly appears from a reading of the pension act that one must have the status of a police officer before he can apply for retirement and a pension."

In the cited case, Luellen's contention on appeal was that he was entitled to notice, under the existing ordinance which provided for a civil service commission with power of removal. This court determined that proper notice to effect Luellen's removal had not been given, and that, in any event, his removal by the commission could not abrogate his vested disability benefits. The quoted statement,

upon which the court relied in the instant case, was made in the course of this court's reasoning. The issue to which the statement relates was not before the court and, therefore, the statement did not and could not announce our adherence to such a rule. *D'Amico v. Conguista*, 24 Wn. (2d) 674, 683, 167 P. (2d) 157 (1946). That the statement was not essential to the opinion is evidenced by the court's conclusion [p. 609] that

"A police officer who has met all the statutory requirements so as to make him eligible to apply for reinstatement and a pension, has established a right which the law will protect, subject to certain limitations not material in this case. [Citing cases.]

"By the terms of the ordinance, it was within the power of the chief of police and the commission, by proper procedure, to have removed the appellant from his position so that he might no longer render service to the city as a police officer and receive compensation therefor; but this could not be done in so far as his eligibility to apply for retirement and a pension was concerned."

The court's conclusion in the *Luellen* case does not support respondents' contention. It is in conformity with our more recent cases which hold that pensions are based upon employment contracts and are deferred compensation for services rendered. *Bakenhus v. Seattle*, 48 Wn. (2d) 695, 296 P. (2d) 536 (1956), and cases cited.

█ Based upon the principles announced in the cited cases, the relator made proper application for disability benefits.

█ The respondents pleaded, in their answer to the mandamus proceeding, that the pension board, in denying relator a pension, had considered his application on its merits. The merits of relator's claim were therefore an issue before the trial court. Relator established that he was injured during the course of his employment; that such injury was not the result of dissipation or abuse, and that his disability was of a permanent nature, as evidenced by the report of respondents' doctors. This evidence was not refuted.

The only evidence adduced on behalf of the respondents was the testimony of the city comptroller, which did not pertain to the question of relator's disability.

We conclude that the record establishes relator's right to disability benefits under the statute in question.

The judgment is reversed, and the cause remanded with instructions to the trial court to issue the writ of mandamus directing the pension board to grant relator disability benefits in accordance with the statute.

HILL, C. J., MALLERY, WEAVER, and HUNTER, JJ., concur.

[1]Reported in 325 P. (2d) 293.