Elizabeth MALVEAUX,
Plaintiff-Appellee,

v.

F. David MATHEWS, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 76–2252
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 15, 1976.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

**648**

Roby Hadden, U. S. Atty., Tyler, Tex., Dan J. McNulty, Asst. U. S. Atty., Beaumont, Tex., Suzanne Cochran, Atty., Dept. of HEW, Dallas, Tex., for defendant-appellant.

Ernest L. Sample, Beaumont, Tex., for plaintiff-appellee.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

The question presented on this appeal is whether the district court erred in reversing the Secretary's denial of the appellee's application for disabled widow's insurance benefits pursuant to 42 U.S.C. § 423(d). Because we are unable to ascertain the basis for the district court's reversal of the Secretary's disposition of the appellee's application, we remand this case to the district court for an elaboration of its findings and an explanation of its reasons for reversing the Secretary's determination.

Elizabeth Malveaux, the appellee, suffers from a variety of ailments, including high blood pressure and immobility of her lower extremities. Many, if not all, of her infirmities stem from her obesity, a condition that is apparently due to a thyroid problem. The medical evidence adduced during the course of the administrative proceedings was in conflict as to whether Malveaux could "engage in any gainful activity" within the meaning of 42 U.S.C. § 423(d)(2)(B). A doctor who had been treating her since 1968 testified that she was unable to work. Several other doctors who treated Malveaux also testified about her physical condition, but apparently rendered no opinion about her ability to work. The medical advisor appointed by the Secretary, after considering all the medical evidence submitted, concluded that although Malveaux was being treated for several impairments, they were under control and she could work.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive". We have said that "[t]he primary function of this Court . . . is not to reweigh the evidence, but to determine whether there is substantial evidence to support the Secretary's decision". *Burdett v. Finch,* 5 Cir. 1970, 425 F.2d 687. Indeed, "the Secretary's determination, being supported by substantial evidence, must be affirmed, even if there was also substantial evidence which may have supported a finding in favor of the claimant . . . ." *Grant v. Richardson,* 5 Cir. 1971, 445 F.2d 656. Moreover, credibility findings as to conflicts in the evidence are to be made by the Secretary and not the district court. *Stillwell v. Cohen,* 5 Cir. 1969, 411 F.2d 574. In short, reversal of the Secretary's determination should not be made lightly. As we said in *Gaultney v. Weinberger,* 5 Cir. 1974, 505 F.2d 943, 945:

"The role of the reviewing court [under 42 U.S.C. § 405(g)] is severely limited. . . . We do not re-weigh the evidence; we simply determine whether there is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Richardson v. Pe-*

*rales,* 1970, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842. As we have previously suggested, determinations which are not supported by substantial evidence are unusual, even rare."

Without a statement by the district court of the reasons for its decision, it is difficult to determine whether this is one of the "rare" instances in which a reversal of the Secretary's disposition of a claimant's application is justified. As this Court observed in *Celebrezze v. Zimmerman,* 5 Cir. 1964, 339 F.2d 496, 498,

> "[I]n the rare case in which it is appropriate for the trial court to reverse the Secretary's findings because there is no substantial evidence to support them it would make it much easier for this Court, on appeal, to have the benefit of the trial court's analysis of the evidence, and the reasoning by which it arrives at its determination that it is unable to find support in the record for the Secretary's findings."

This case is accordingly remanded to the district court for a clarification of the reasons for its decision.