Elizabeth MALVEAUX,
Plaintiff-Appellee,

v.

F. David MATHEWS, Secretary of Health
Education and Welfare,
Defendant-Appellant.

No. 76–2252
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1977.

Roby Hadden, U. S. Atty., Tyler, Tex., Daniel J. McNulty, Asst. U. S. Atty., Beaumont, Tex., Suzanne Cochran, Atty., Dept. of HEW, Dallas, Tex., for defendant-appellant.

Ernest L. Sample, Beaumont, Tex., for plaintiff-appellee.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

In *Malveaux v. Mathews,* 5 Cir. 1976, 542 F.2d 647, we remanded the Secretary's appeal of the district court's reversal of the Secretary's denial of Ms. Malveaux's application for disabled widow's insurance benefits to the district court "for a clarification of the reasons for its decision". 542 F.2d at 649. The district court has since elaborated upon its reasons for reversing the Secretary's disposition of Ms. Malveaux's application. *Malveaux v. Mathews,* E.D.Tex. (No. B–74–387–CA, Dec. 1, 1976). After independently reviewing the record, we agree with the district court "that there is not substantial evidence to support the administrative determination". As the district court observed:

> The Social Security regulations are stringent by statute, but eligibility for benefits is to be administered with reason. Theoretical ability to engage in substantial gainful activity is not enough. *Hayes v. Celebrezze,* 5 Cir. 1963, 311 F.2d 648. There is no reasonable evidence in this record that the claimant can perform the duties that she previously performed as a household maid.

---

* Rule 18, 5 Cir.;  see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

The district court "awarded social security benefits dating back to December 26, 1971". That is the date that Ms. Malveaux, in her initial application for disabled widow benefits filed on December 30, 1971, claimed her disabilities began. However, in allowing disability benefits to accrue as of December 26, 1971, the district court failed to take into account the five month "waiting period" that the statute requires to pass before a claim for disability benefits matures. 42 U.S.C. §§ 423(a)(1), 423(c)(2)(A) (1970). The proper starting date for Ms. Malveaux's benefits claim is therefore May 26, 1972, rather than December 26, 1971. Except for our change of the date on which Ms. Malveaux's claim matured, the district court's decision is AFFIRMED.