149 N.J. Super. 229 (1977)
373 A.2d 685
WALTER H. SMITH, APPELLANT,
v.
CONSOLIDATED POLICE & FIREMEN'S PENSION FUND COMMISSION (DEPARTMENT OF THE TREASURY, DIVISION OF PENSIONS), RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 14, 1977.
Decided March 16, 1977.
*230 Before Judges FRITZ, ARD and PRESSLER.
Mr. Harry Kay argued the cause for appellant.
Mr. Samuel J. Halpern, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
*231 PER CURIAM.
This is an appeal from a final decision of the Board of Trustees of the Consolidated Police and Firemen's Pension Fund Commission (Board) refusing to reclassify petitioner's service retirement pension as an accidental disability pension. The Board rejected the request as a matter of law without review by way of administrative hearing.
The primary issue in this appeal is whether the Board erred in failing to grant appellant's request for a hearing to determine his eligibility to change from age and service retirement to accidental disability retirement. In rejecting the appellant's request for reclassification of his pension respondent took the position "that there was no provision for reclassification of a pension after the retirement has been effected."
There was no hearing and the factual contentions of the appellant, other than the nature and extent of his disability claim, are not in dispute. Appellant was a fire chief employed by the Town of West Orange. He had been appointed a fireman on January 1, 1942, and his service was uninterrupted until his application for age and service retirement, which was dated January 2, 1974, to become effective February 1, 1974. The application was accepted and appellant was retired on the aforesaid date. In accordance with his age and the terms of the age and service retirement law he received 62 1/2% of his determinative salary.
On July 29, 1975 appellant filed an application for disability retirement. The application alleged that "I am permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of my regular or assigned duties at 9:05 A.M. on July 11, 1973 at Erie Headquarters, Valley Road, West Orange, N.J." In answering a request to describe the traumatic event in detail he stated: "Fell over backwards when going to sit down on swivel chair and landed on lower back." The incident alleged in the application was consistent with an accident report filed on July 12, 1973, *232 the day after the accident. The supplementary medical data which accompanied the application indicated that appellant was initially seen by a doctor on July 12, 1973 and his condition diagnosed as guarded. Thereafter he visited a physician on January 27, 1974. On this latter visit the physician diagnosed petitioner's back problems but expressed no opinion as to causal relationship between the traumatic event and the disease. All other medical reports indicated examination and treatment subsequent to petitioner's retirement.
The Board's position is jurisdictional in nature. The initial request by appellant to reclassify his retirement to accidental disability was met with the naked assertion by the Board that there was no legal provision for reclassification of a pension after the retirement. Thereafter appellant received the same response after requesting his case be reopened for reconsideration. After appealing the decision of the Consolidated Police and Firemen's Pension Fund Commission appellant was advised as follows:
This will affirm the final administrative determination in this matter, rejecting your request that the Consolidated Police and Firemen's Pension Fund Commission reclassify your voluntary service retirement to one of accidental disability.
Appellant then brought this appeal.
The Board argues that its rejection of appellant's request as a matter of law without an administrative hearing was appropriate since the statutes do not authorize such a reclassification once a member has retired. We disagree.
It is axiomatic in dealing with pension legislation that being remedial in nature, it be liberally construed. In re Vaccaro, 131 N.J. Super. 264, 268 (App. Div. 1974), aff'd 66 N.J. 151 (1974); Kochen v. Consolidated Police, etc., Pension Fund Comm'n., 71 N.J. Super. 463, 478 (App. Div. 1962).
N.J.S.A. 43:16-2 governs accidental disability retirement and provides in part that:
*233 Any member of such police or paid or part-paid fire department who shall have received permanent disability as a direct result of a traumatic event occurring while performing his regular or assigned duties shall be retried upon an accidental disability pension equal to 2/3 of his average salary if an application for such retirement is filed by such member or by his employer within 5 years after the date of such traumatic event or the commission may consider an application filed after the 5-year period if it can be factually demonstrated to the satisfaction of the commission that the disability is due to the accident and the filing was not accomplished within the 5-year period due to a delayed manifestation of the disability or other circumstances beyond the control of the member.
The aforementioned recital of the facts indicates that appellant's claim for accidental disability retirement was made well within the five-year period. Moreover, the statute clearly recognizes the possibility of a disability claim being made much later than one would ordinarily expect due to a "delayed manifestation of the disability or other circumstances beyond the control of the member." Although the possibility is obvious, the statute makes no distinction between an accidental disability claim being made within the five-year period by an active member or a retired member. Nor does it make a distinction with respect to an accidental disability claim between an active member or a retired member where there is a delayed manifestation of the disability. The statute clearly recognizes the possibility of a manifestation of the disability occurring well beyond the five-year period, and it seems likely that this manifestation could occur after a member was receiving a pension under the age and service retirement plan.
Respondent's argument that only presently contributing members of the Consolidated Police and Firemen's Pension Fund may apply for and be retired upon an accidental disability retirement allowance is bottomed on a theory that the word "member," as used in N.J.S.A. 43:16-2 refers only to active members presently contributing to the fund. There is no basis for such an interpretation and respondent's argument does not square with other portions of the statute. N.J.S.A. 43:16-17 defines certain words *234 and phrases used in the act and specifically defines "member," "active member" and "employee member." It is noteworthy that N.J.S.A. 43:16-2 does not use "active member" in discussing eligibility for retirement for disability.
Of greater significance, however, is the fact that appellant's claim is based on an incident alleged to have occurred while a member before retirement. His claim is predicated on his rights at the time of the alleged incident, notwithstanding the delayed manifestation of the disability. The distinction respondent makes between appellant's status as a member and as a retiree has no application to the facts of the instant case. Appellant makes claim for a disability allegedly sustained while an "active member." His claim is being made well within the five-year period as provided by N.J.S.A. 43:16-2. In addition, appellant alleges that his present disability represents a delayed manifestation of the injury which occurred while on the job. We discern no legal or practical basis to deny this liberal interpretation of the pension act.
Respondent's argument that pensioners retired on an age and service pension who subsequently make a claim such as this could not be "accurately tested medically since the disability condition might deteriorate drastically by the intervention of numerous factors" is unpersuasive. Whatever difficulties may be inherent in such a situation are obviously present when considering the delayed claim of an "active member." Presumably, claim of delayed manifestation may be made years after the alleged incident by an "active member." Practical questions of proof will be present in either situation. Equally without merit is respondent's concern for actuarial considerations. Presumably, the funding program will recognize the eventuality represented in this case as well as the delayed claim of an "active member." Nor do we think the incidental ramifications of the Internal Revenue Act with regard to an age and service pension vis-a-vis an accidental disability pension is dispositive *235 of the issue. Appellant's financial expectations are irrelevant to the merits of the case.
Our ruling in this matter goes no further than to guarantee appellant a hearing on the merits of his claim. Accordingly, the decision of the Consolidated Police and Firemen's Pension Fund Commission is reversed, and the Board is hereby ordered to process appellant's application to the Board for retirement for disability in the same manner as an application of an "active member." We do not retain jurisdiction.
Reversed and remanded.