[No. 6918–7–I.   Division One.   March 3, 1980.]

ELLA WONG, *Appellant,* v. THE BOEING COMPANY, ET AL, *Respondents.*

*John Ranquet,* for appellant.

*M. Margaret McKeown* and *Perkins, Coie, Stone, Olsen & Williams,* for respondents.

CALLOW, C.J.—The plaintiff, Ella Wong, appeals from a summary judgment in favor of The Boeing Company (Boeing) in which the trial court found that her deceased husband, Kingsley Wong, did not qualify for disability retirement benefits under the Boeing Company Employee Retirement Plan (the plan), and that Mrs. Wong therefore did not qualify for joint and survivor benefits.

The issues presented are (1) did the trial court err in finding that Mrs. Wong was not entitled to survivor's benefits under the plan, and (2) is the plan arbitrary and capricious and in violation of Employment Retirement Income Security Act (ERISA) requirements.

Mr. Wong, who had been a Boeing employee since November 16, 1953, began a 6–month medical leave of absence on January 5, 1976. In making application for disability benefits under the Social Security Act (apparently during January 1976), Mr. and Mrs. Wong anticipated that he would die in the near future. He died on April 7, 1976, at 52 years of age. Social Security benefits were subsequently approved for him, to be effective June 1976 ("Date of Entitlement").

On March 17, 1977, Mrs. Wong applied for a joint and survivor annuity under the disability provisions of Boeing's retirement plan. Prior to Mr. Wong's death, neither he nor Mrs. Wong had applied for Boeing's disability retirement benefits, nor had Mr. Wong made an election with respect to joint and survivor benefits in the event of early or normal retirement. Mrs. Wong's request was denied by Boeing's Corporate Retirement Plan Office on the basis that Mr. Wong did not qualify for retirement disability benefits under the plan. Mrs. Wong appealed to the Retirement Committee which, in an April 25, 1977 memorandum, upheld the Corporate Retirement Plan Office's denial of benefits.

In order to qualify for disability retirement benefits under the plan, an employee must serve for 10 years and must become permanently and totally disabled on or after his 50th birthday. (Plan §§ 4 and 10.03(c)). The pertinent portions of the plan setting out the additional requirements for eligibility are as follows:

10.03 An Employee who becomes permanently and totally disabled may elect to retire on a Disability Retirement Date and such election, retirement date and related benefits shall be subject to the following limitations and requirements:

(a) The Disability Retirement Date must be the first day of any calendar month prior to the Employee's Normal Retirement Date that is subsequent to the date the Employee becomes eligible to receive a disability benefit under the Social Security Act.

. . .

(f) Payment of disability retirement benefits shall not begin until the Disability Retirement Date which date shall be the later of the date of entitlement recorded on the Notice of Social Insurance Award or the first day of the month following completion of six consecutive months of absence for medical reasons.

. . .

11.01 An Employee who attains an applicable Early or Disability Retirement Date or Normal Retirement while in the employ of the Company shall automatically acquire a fully vested and non–forfeitable interest in the

benefits accrued up to such retirement date, subject to the restrictions set forth in 5.10, 10.03, 10.06 and 23.07.

We first answer whether Mrs. Wong was entitled to survivor's benefits under the plan. She contends that she was entitled to joint and survivor benefits because Mr. Wong had a vested interest in and was entitled to pension benefits. Mrs. Wong claims that, under the plain meaning of the plan, her husband qualified for disability retirement benefits. She argues that the date of Mr. Wong's disablement was the date he qualified for benefits, and that the language of a booklet summarizing the plan indicates that the requirements of section 10.03(f) of the plan are not conditions precedent to qualification, but only signify the time at which payments shall begin. *See Tolbert v. Union Carbide Corp.*, 495 F.2d 719 (4th Cir. 1974); *Kitchens v. Atlantic Steel Co.*, 123 Ga. App. 812, 182 S.E.2d 530 (1971), *aff'd*, 228 Ga. 708, 187 S.E.2d 824 (1972); *State ex rel. Johnson v. Funkhouser*, 52 Wn.2d 370, 325 P.2d 297 (1958).

Boeing responds that, because Mr. Wong did not qualify for pension benefits, Mrs. Wong was not entitled to joint and survivor benefits. Boeing argues that the language of the summary booklet is not controlling and the language of the plan shows that Mr. Wong did not qualify for disability retirement benefits. *Fields v. Western Equip. Co.*, 255 Ore. 615, 469 P.2d 779 (1970); 50 A.L.R.3d 1270 (1973). Boeing argues further that the plan does not permit posthumous qualification for benefits, because an employee must survive to a "Disability Retirement Date" in order to receive benefits. *Jacoby v. Grays Harbor Chair & Mfg. Co.*, 77 Wn.2d 911, 920–21, 468 P.2d 666 (1970). Boeing also argues that ERISA does not require provision for joint and survivor annuity under the facts of this case.

Mrs. Wong replies that the summary booklet complies with ERISA requirements and its language should be followed. She also argues that, prior to his death, Mr. Wong satisfied all requirements for receipt of benefits. Specifically, she contends that Mr. Wong's right to disability payments became vested when he applied for Social Security

benefits, and that Mr. Wong qualified for the Social Security award during his lifetime. *Frietzsche v. First W. Bank & Trust Co.,* 168 Cal. App. 2d 705, 336 P.2d 589 (1959).

■■ The employee who accepts a job to which a pension plan is applicable contracts for the pension and is entitled to receive its benefits when he has fulfilled the prescribed conditions. *Bakenhus v. Seattle,* 48 Wn.2d 695, 701, 296 P.2d 536 (1956). An employee who does not fall within the contractual requirements may not recover pension benefits. *Jacoby v. Grays Harbor Chair & Mfg. Co., supra* at 920–21. The contractual rights and obligations of the parties under a pension plan are to be measured by the terms of the contract and where the terms of the pension contract, taken as a whole, are plain and unambiguous, the meaning of the contract is to be deduced from the language of the contract alone. *Jacoby v. Grays Harbor Chair & Mfg. Co., supra* at 916–17.

The pertinent sections of the plan read, in part, as follows:

12.01 If on an Employee's or Vested Former Employee's Normal, Early, Late or Disability Retirement Date, whichever is applicable, such Employee or Vested Former Employee has a spouse, retirement benefits under the Plan shall be paid on the 50% joint and survivor benefit form with the reduced benefits described in the following 12.03 and with the spouse as joint annuitant. . . .

13.01 If an Employee who has not retired under the Plan dies on or after the date which is ten years prior to the Employee's Normal Retirement Date and is survived by a spouse to whom the Employee was married throughout a one–year or longer period ending on the date of the Employee's death, such spouse shall be entitled to monthly income commencing effective the first day of the month following the date of death in the amount the Spouse would have received under the 50% joint and survivor benefit form described in 12.03 had the Employees retired from the employ of the Company on the first day of the calendar month in which the Employee's death occured [*sic*] with an election of such form in effect.

The above provisions make it clear that before an employee's spouse is entitled to survivor's benefits under the plan, the employee must reach a retirement date. Mrs. Wong contends that her husband reached a "Disability Retirement Date." We disagree.

■ The plain language of the plan before us requires that we uphold the determination of the trial court that Mr. Wong did not meet the requirements for eligibility.[1] Therefore, Mrs. Wong was not entitled to survivor's benefits. Under Boeing's plan, an employee's interest in pension benefits vests if he attains a "Disability Retirement Date" while in the employ of the company. (Plan § 11.01.) Mr. Wong did not attain a "Disability Retirement Date" while in the employ of the company because death terminates the employment relationship, 56 C.J.S. *Master and Servant* § 38, at 423 (1948), and Mr. Wong did not survive to that date. There is no evidence that Mr. Wong elected to retire on a disability retirement date, but even if he did, that date is the later of the date of entitlement to Social Security benefits or "the first day of the month following completion of six consecutive months of absence for medical reasons." (Plan § 10.03(f)). Mr. Wong failed to reach a disability retirement date under either method of calculation.[2]

Because Mr. Wong did not reach a retirement date, Mrs. Wong is not entitled to payment under the provisions of section 12.01 of the plan. Neither does Mrs. Wong qualify for benefits under the provisions of section 13.01 as Mr. Wong did not die "on or after the date which is ten years prior to the Employee's Normal Retirement Date [65 years

---

[1] Although the language in the booklet summarizing the plan differs slightly from that in the plan itself, the language in the booklet has substantially the same meaning as that in the plan, and it is not misleading. Moreover, there is no evidence that Mr. Wong read or relied on the booklet.

[2] Mrs. Wong contends that her husband became entitled to Social Security benefits prior to his death. This argument is not well taken as 42 U.S.C. § 423(a) requires a 5–month "waiting period" before a claim for disability benefits matures. *Malveaux v. Mathews,* 546 F.2d 108, 109 (5th Cir. 1977).

of age]." (Plan § 10.01.) Mr. Wong died at 52 years of age rather than the 55 years required under section 13.01.

We next inquire whether the plan is arbitrary and capricious and in violation of ERISA requirements. Mrs. Wong contends that even if Mr. Wong did not qualify under the plan as written, the plan was arbitrary and capricious and in violation of ERISA requirements. *Robinson v. U.M.W. Health & Retirement Funds,* 449 F. Supp. 941 (D.D.C. 1978); *Fase v. Seafarers Welfare & Pension Plan,* 432 F. Supp. 1037 (E.D.N.Y. 1977), *appeal dismissed on other grounds,* 574 F.2d 72 (2d Cir. 1978). She argues that the plan is arbitrary and capricious because persons similarly situated are treated differently.

Boeing responds that the requirements of the plan are reasonable as the waiting period is either based on the Social Security waiting period or modeled after it, and similarly situated employees are not treated differently.

■ The plan's "waiting period" requirements are not arbitrary and capricious. The plan adopts the determination of eligibility of the Social Security Administration as controlling. (Plan § 10.03(a).) This is an efficient and fair standard. The waiting period is the later of the date of entitlement to Social Security benefits or 6 months of absence for medical reasons. This 6–month waiting period is similar to the waiting period required prior to entitlement to Social Security benefits. 42 U.S.C. § 423(a); *Malveaux v. Mathews,* 546 F.2d 108 (5th Cir. 1977). The waiting period requirement is not unreasonable on its face.

We sympathize with the plaintiff–widow recognizing the emotional and financial loss which is hers. We cannot, however, grant her benefits under the plan for which she has not qualified. To grant benefits not due would jeopardize the financial soundness of the Employee Retirement Plan and imperil the position of all other members of the plan. Those who do not fall within the limitations of the plan cannot recover in order that those who do qualify will be assured that the benefits for which they have worked will be theirs.

The judgment is affirmed.

ANDERSEN and DORE, JJ., concur.

Reconsideration denied April 30, 1980.