**Glenn BLANK, Plaintiff-Appellee,**

**v.**

**The POLICE PENSION BOARD OF the CITY OF WRAY, Colorado, and the City of Wray, a Municipal Corporation, Defendants-Appellants.**

**No. 80CA0061.**

Colorado Court of Appeals,
Div. I.

May 22, 1980.

Francis A. Benedetti, Wray, for plaintiff-appellee.

Thomas J. Callahan, Wray, for defendants-appellants.

VAN CISE, Judge.

Defendants, the Police Pension Board and the City of Wray, appeal the judgment of the district court which reversed the Board and ordered it to grant the application of plaintiff, Glenn Blank, for a disability pension. We affirm.

It is undisputed that since 1967 plaintiff has been a member of the Police Department of the City of Wray, a municipality with a population under 100,000. At all times during his employment, a percentage of his pay has been deducted for deposit into the policemen's pension fund maintained by the city pursuant to § 31–30–301, et seq., C.R.S.1973.

In 1979, plaintiff, then 67 years old, applied to the Board for retirement and a pension based on hearing problems. After an evidentiary hearing, the Board found that plaintiff's hearing loss disabled him for his present occupation, that this disability started prior to 1967 and had been very steadily progressive, and that, therefore, the disability was not service connected. It concluded that, because the disability was not service connected, plaintiff was not eligible for a pension, and denied his application.

On review, the district court determined that the controlling statute was § 31–30–321(1)(b), C.R.S.1973, which provides:

"If any member or officer of such police department becomes mentally or physically disabled so as to render necessary his retirement from service in such department, the board of trustees shall retire such member from service in such department, and he shall receive from the pension fund an amount equal to one-half of the monthly salary received by him at the time he becomes so disabled."

The court accepted the findings of the Board that plaintiff's disability was not service connected. It then ruled that, since there was no requirement in the statute that the permanent disability be service connected, the Board's denial of the application was reversed. The Board was ordered to commence paying a monthly pension in an amount equal to one-half of plaintiff's monthly salary, effective 30 days from the date of his last employment.

We agree with the district court. As stated in *Board of Trustees of Policemen's Pension Fund v. Starasinich*, 128 Colo. 556, 264 P.2d 1033 (1954):

"[W]e must accept the law as enacted and not undertake to read into the statutes or ordinances requirements or conditions not imposed by the Legislature and thus change the law by judicial construction."

Judgment affirmed.

COYTE and KIRSHBAUM, JJ., concur.