**Philip O. BRANSON, Appellant,**

**v.**

**PUBLIC EMPLOYEES' RETIREMENT FUND and Police and Firefighters' Pension Fund, Appellees.**

**No. 49A02-8711-CV-00449.**

Court of Appeals of Indiana, Second District.

May 17, 1989.

Leslie P. Simpson, Indianapolis, for appellant.

Harry Dudley Miller, Indianapolis, for appellees.

SULLIVAN, Judge.

Philip O. Branson appeals the judgment of the reviewing court which affirmed the decision of the State Board of the Public Employees' Retirement Fund (the PERF board). The PERF board had denied a disability claim.

We affirm.

Branson sustained injuries in March of 1984 during the course of his employment with the Muncie Police Department. From the time of the injury until August of 1984, he remained an active fund member of the 1977 Police and Firefighters' Pension Fund. In August, Branson resigned and sought employment as a federal protective officer while still undergoing treatment for his injuries. Not until April of 1985 was he diagnosed as being permanently, partially disabled. In March of 1986, Branson ap-

plied for and was denied disability benefits. The PERF board affirmed the denial, finding that Branson was not an active fund member at the time of his application. The reviewing court affirmed because Branson was not an active fund member at the time of his being diagnosed as disabled and because he failed to show that no suitable and available work existed.

■ At issue is the time at which one must be an active fund member of the Police and Firefighters' Pension Fund in order to qualify for disability benefits. Indiana Code 36–8–8–12(a) (Burns Code Ed. Repl.1989) provides:

"If an active fund member is permanently or temporarily unable to perform all suitable and available work with the police or fire department for which the member is or may be capable of becoming qualified, as determined under section 13 [IC 36–8–8–13] of this chapter, the member is entitled to receive during the disability a benefit equal to the benefit the member would have received if the member had retired. During a reasonable period in which an active member is becoming qualified for suitable work, or while suitable work is unavailable, the member is entitled to continue receiving disability benefit payments."

Under the statute, membership is required during the period in which one trains to become qualified for suitable work and in which one waits for suitable work to become available. Thus, the statute requires active fund membership beyond the time of injury.

Cases concerning retirement benefits, awarded from the same fund as disability benefits, hold that the statutory requirements at the time of application for such benefits are the applicable requirements. Under Indiana's compulsory contribution pension plan, a police officer's pension interest does not vest until "the statutory conditions for retirement, existing when the application for benefits is made, are met, and the award of the pension has been made, or as of right should have been made...." *City of Mishawaka v. Squadroni* (1985) 3d Dist.Ind.App., 486 N.E.2d

1088, 1091, *trans. denied.* It follows that the right to disability benefits does not vest until the statutory conditions for disability benefits are met and that such conditions must be in existence when the application for benefits is made.

Arguing that active fund membership is only required at the time of injury, Branson relies upon two cases which are readily distinguished. In *Board of Trustees of Policemen's Pension Fund v. Starasinich* (1954) 128 Colo. 556, 264 P.2d 1033, 1035, the Colorado Supreme Court held that membership was required at the time of the disabling injury. The controlling Colorado statute stated that policemen must be "members in good standing of such police departments or relief associations at the time of death or injury." The statute in the present case does not contain such a provision. It may be further noted that such a provision is not inconsistent with a provision which would require membership not only at the time of injury but also at the time of application for benefits.

The other case upon which Branson bases his argument is *State ex rel. Johnson v. Funkhouser* (1958) 52 Wash.2d 370, 325 P.2d 297. It concerns disability benefits which vested at the time of the injury. The patrolman's dismissal prior to his application for disability benefits did not affect his vested right to the benefits. In the present case, Branson's right to disability benefits did not vest at the time of injury.

The PERF board was correct in its interpretation of the statute. A police officer must be an active fund member at the time of his application for disability benefits. The board found that Branson was not a member at that time.

When reviewing the determination of an administrative agency, we are limited to determining whether the agency had jurisdiction, whether its decision was made in accordance with proper legal procedure and based upon substantial evidence, and whether any constitutional or legal principles were violated. *Pettit v. Indiana Alcoholic Beverage Commission* (1987) 1st Dist.Ind.App., 511 N.E.2d 312. If the agency has complied with these require-

ments, we may not disturb its decision, even if we might have reached a different result upon the evidence. *Pettit, supra.* A reviewing court may not substitute its findings of fact for those of the agency. *Habig v. Harker* (1983) 1st Dist.Ind.App., 447 N.E.2d 1114; *Board of School Trustees of Baugo Community Schools v. Indiana Education Employment Relations Board* (1980) 3d Dist.Ind.App., 412 N.E.2d 807. However, when a reviewing court does make an independent determination of fact, the resulting error must be prejudicial before we are required to reverse the decision. *Board of School Trustees, supra.*

■ In the present case, the reviewing court affirmed the decision of the PERF Board but made additional findings. We approve the decision of the board also, basing our decision upon the findings of the board. The PERF board's decision is supported by sufficient evidence and correctly states the law. The reviewing court's independent findings do not necessitate reversal for they are supported by the evidence also. For example, the fact that Branson continued to work for the Muncie Police Department for more than four months after his injury and then sought employment with the federal government supports the court's finding that there was no showing of the nonexistence of suitable and available work.

■ Branson also contends that I.C. 36–8–8–13(b) (Burns Code Ed.Repl.1989) was violated. The statute provides that "(t)he local board shall submit its findings of fact and its determination to the PERF board." In the present case, the local board denied Branson benefits without submitting findings of fact to the PERF board. Nevertheless, Branson was not prejudiced in his appeal of the local board's decision because the PERF board conducted a full de novo hearing. Even if the PERF board had not conducted a full hearing, Branson could have earlier attempted to correct such error. Judicial review is concerned only with the final level of administrative action. *Kennedy v. St. Joseph Memorial Hospital* (1985) 1st Dist.Ind.App., 482 N.E.2d 268.

The judgment of the reviewing court is affirmed.

BUCHANAN and HOFFMAN, JJ., concur.