**Herbert OTWORTH, Plaintiff-Appellee,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellant.**

**No. 20137.**

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 1970.

Thomas J. Press, Department of Justice, Washington, D. C., William D. Ruckelshaus, Asst. Atty. Gen., Kathryn H. Baldwin, Walter H. Fleischer, Attys., Department of Justice, Washington, D. C., William W. Milligan, U. S. Atty., Cincinnati, Ohio, on the brief, for appellant.

Thomas A. Luken, Cincinnati, Ohio, for appellee.

Before EDWARDS, PECK, and MILLER, Circuit Judges.

WILLIAM E. MILLER, Circuit Judge.

This appeal results from an action brought in the United States District Court for the Southern District of Ohio, under Section 205(g) of the Social Security Act, to review a determination of the Secretary of Health, Education, and Welfare that the appellee-claimant received overpayments of Social Security benefits in the amount of $2,127.30 during the period July, 1965 through January, 1966. The District Court held that the claimant was entitled to the payments, and, even if he were not so entitled, he had a constitutional right to retain the payments. The Secretary appeals from the judgment of the District Court.

The relevant facts are as follows. On December 11, 1964, the appellee suffered an injury to his back while working. Subsequently he underwent two operations and did not return to work until June 25, 1965. On July 10, 1965, the appellee's wife called the Social Security office and erroneously advised that office that the appellee had returned to work on July 2, 1965. Based on this mistaken information, benefits were paid to the appellee through January, 1966, when the appellee's wife notified the Social Security office of the mistake. Payments were terminated and the Secretary made a request for return of the payments previously made.

Because of the mistake and because of the interpretation given the Social Security Act by the Secretary, the Secretary maintains that the appellee had no right to the benefits he received.

Under the Act, an individual is "disabled" if he is unable "to engage in any substantial gainful activity * * *." The appellee suffered a temporary disability and, under the Act, was entitled to receive disability benefits. The Act

further provides that an individual may begin to receive the benefits after he has completed a "waiting period" of "six consecutive calendar months." After the waiting period is completed, the claimant may then attempt to return to work for a period of time up to nine months without the usual consequence of the work being considered as evidence of his ability to perform substantial gainful activity. 42 U.S.C. § 422(c) (2)–(3).

Hence the question confronting the Secretary, and now before the Court, is whether the appellee had completed the "waiting period" and was thus entitled to the benefits received. The Secretary contends that the "waiting period" begins on the first day of the month following the month in which the disability was sustained, in this case January 1, 1965. The "waiting period" for the appellee, according to the Secretary, was thus to be completed on July 1, 1965. On the basis of the information received from appellee's wife, the office made payment because it was indicated that the appellee had not returned to work until July 2, 1965. However, when the office subsequently learned that the appellee had, in fact, returned to work on June 25, 1965, it was ruled that the "waiting period" had not been completed under the Secretary's interpretation of the Act. The Hearing Examiner and the Appeals Council agreed with the Secretary's interpretation and ruled that the appellee had not completed the "waiting period" and was not entitled to the benefits he had received. The District Court, however, ruled that the "waiting period," provided by the Act, begins to run with the date of the disability, in this case December 11, 1964, and that the appellee had completed the "waiting period" when he returned to work on June 25, 1965. A decision as to the correct starting date of the "waiting period" rests on the interpretation of the phrase, "six consecutive calendar months," contained in the applicable section of the Social Security Act. 42 U.S.C. § 422(c) (2)–(3).

The Secretary's interpretation of the phrase is based on an interpretative ruling found in SSR 62–41, C.B. 1952. The Secretary contends that the waiting period must begin with the first day of a month, an interpretation which he says is reinforced by the use of the word "calendar" in the pertinent phrase. In the alternative, it is argued that the phrase is capable of two definitions and that the Secretary's administrative interpretation is not subject to judicial review. Finally, the appellant-Secretary argues that the waiting period must begin on the first day of the month because the payments are based on full months.

We are unable to accept the Secretary's interpretation of the phrase. The Social Security Act is to be construed liberally in favor of the claimant. Davidson v. Gardner, 370 F.2d 803 (6th Cir. 1966). Although we realize that a line must be drawn somewhere with respect to the "waiting period," the drawing of that line must bear some reasonable relationship to the purposes of the Act. In the present case, the appellee had been disabled for over a half year consecutively. This period fully satisfies the requirement of the Act insofar as the element of time is concerned. The phrase in question is concerned with the length of time an individual must be disabled before he may receive benefits. Under the Secretary's interpretation, the period of time required would vary from individual to individual depending on how late in the month the disability occurred. We are of the view that it was the purpose of the Act to provide a uniform time period for all cases and that the District Court's finding that "six consecutive calendar months" means one half year is the correct interpretation. The appellee was disabled and out of work for over one half year and was thus entitled to the benefits afforded him under the Act. We are not persuaded to the contrary by the appellant's argument that the waiting period must begin on the first day of a calendar

month since payments are based on full months.

As we have decided that the appellee was in fact entitled to the benefits he had received, we do not reach the question of whether the Secretary could have recovered the amount of the payments representing the benefits if the appellee had not been entitled to them.

Affirmed.