Thomas B. CAMPBELL

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare.

Civ. A. No. 79–1899.

United States District Court, E. D. Pennsylvania.

Feb. 7, 1980.

James W. Sutton, Jr., Trevose, Pa., for plaintiff.

William J. McGettigan, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, District Judge.

This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for review of the Secretary's determination requiring plaintiff to repay disability benefits. Both plaintiff and the Secretary have moved for summary judgment. The magistrate, to whom the matter was referred for report and recommendation, recommends that I enter summary judgment for plaintiff, and I accept that recommendation.

▆ The central issue here is whether the Secretary improperly considered services rendered during a "period of trial work" in determining that plaintiff's disability had ceased and that he had consequently been overpaid. *See generally* 42 U.S.C. § 422(c). Subsection (c)(2) provides that "*any services* rendered by an individual during a period of trial work shall be deemed *not* to have been rendered by such individual in determining whether his disability has ceased in a month during such period." 42 U.S.C. § 422(c)(2) (emphasis added). Whether plaintiff gets the advantage of the trial work period as outlined in subsection 422(c) depends upon whether, for purposes of that subsection, plaintiff becomes "entitled to disability insurance benefits"[1] immediately upon the expiration of the five-month waiting period, as provided in 42 U.S.C. § 423(c)(2), or only after he has demonstrated his disability for twelve consecutive months. *See* 42 U.S.C. § 423(d)(1). *Compare McMillen v. Califano*, 443 F.Supp. 1362, 1366–68 (N.D.N.Y.1978) (citing *Otworth v. Finch*, 435 F.2d 542, 543 (6th Cir. 1970)), *with Ozovek v. Mathews, Unemp. Ins. Rep.* (CCH) ¶ 14,957 (M.D.Pa.1976).

I agree with the magistrate's analysis of this question—that plaintiff became entitled to disability benefits upon conclusion of the five-month waiting period, and that he could then engage in a period of trial work without having that work considered as evidence that his disability had ceased. Because the determination of nondisability here was based solely on plaintiff's return to work during what qualified as a trial work period, I will reverse the decision of the Secretary and enter summary judgment for plaintiff on the issue of overpayment of benefits. With respect to plaintiff's request for an additional three months of benefits, however, I will remand the matter to the Secretary to determine, after proper application of 42 U.S.C. § 422(c) and 20 C.F.R. §§ 404.1536 to .1539, when plaintiff's disability ceased, and whether plaintiff is entitled to additional benefits as claimed.

## REPORT—RECOMMENDATION

### January 23, 1980

RICHARD A. POWERS, III, United States Magistrate.

The plaintiff, Thomas Campbell, seeks review pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), of a final decision of the Secretary of Health, Education and Welfare, (Secretary) which permitted the Secretary to recover an overpayment of disability insurance benefits from the plaintiff. Both parties have moved for summary judgment. We find that the decision of the Secretary was based on an erroneous interpretation and application of the Social Security Act, and, therefore recommend the granting of plaintiff's motion.

The plaintiff is fifty-one (51) years old and has a high school equivalency diploma. On April 20, 1976, after sustaining a heart attack, he filed an application for disability insurance benefits. Based on this application, a determination was made on May 12, 1976, establishing a period of disability for the plaintiff beginning on October 29, 1975.

The plaintiff resumed employment on May 17, 1976 against medical advice, as a

---

1. Subsection (c)(3) provides that the trial work period begins with "the month in which [plaintiff] becomes entitled to disability insurance benefits. . . ." 42 U.S.C. § 422(c)(3).

part-time life insurance agent.[1] On September 14, 1976, the plaintiff informed the Social Security Administration (SSA) of his return to work and was advised by the SSA that it would notify him if he were not entitled to benefit payments.

From September, 1976 through January, 1977, the plaintiff, in fact, received benefit checks from the SSA and in February, 1977 he cashed the checks to make repairs in his house. On March 18, 1977 however, the SSA notified the plaintiff that he was required to refund these payments. According to the SSA, it had determined that the plaintiff had regained ability to perform substantial gainful activity in May, 1976, and was therefore unentitled to any disability insurance benefits. Plaintiff then made a timely request for a reconsideration of his claim and on December 4, 1978, a hearing was held before an Administrative Law Judge (ALJ).

On December 20, 1978, the ALJ reaffirmed the decision that the plaintiff had not been entitled to the $6,722.80 in disability insurance benefits and that the recovery of the payments should not be waived. According to the ALJ, the plaintiff's trial work period could commence only after twelve (12) consecutive months of disability. Since the plaintiff had not established that he was unable to engage in substantial gainful employment for twelve (12) consecutive months, he was not under a disability and was not entitled to receive the checks. The decision of the ALJ became the final decision of the Secretary of Health, Education and Welfare when approved by the Appeals Council on March 23, 1979. The plaintiff then appealed to this Court to review the decision of the Secretary.

The Secretary ignores the complete language of 42 U.S.C. § 423 which provides that an individual is disabled if his inability to engage in substantial and gainful activity by reason of medically determinable physical or mental impairment can be expected to result in death or has lasted *or can be expected to last for a continuous period of at least twelve (12) months.* (emphasis supplied). In the case at bar, the plaintiff was determined to be disabled due to his heart attack and his disability was *expected* to last for a continuous period of at least twelve (12) consecutive months from October, 1975.

The Secretary also fails to consider that the plaintiff was entitled to disability benefits after a five (5) month waiting period. Under § 423(c)(2)(A) a claimant is entitled to disability insurance benefits after the termination of a five (5) month waiting period provided that the individual has been under a disability as defined in the Social Security Act for the entire five (5) month period. Moreover, "[a]fter the waiting period is completed, the claimant may then attempt to return to work for a period of time up to nine (9) months without the usual consequence of the work being considered as evidence of his ability to perform substantial gainful activity." *McMillen v. Califano,* 443 F.Supp. 1362, 1367 (N.D.N.Y. 1978); citing *Otworth v. Finch,* 435 F.2d 542, 543 (6 Cir. 1970). See also 42 U.S.C. § 422(c)(2)–(4).[2]

■ Consequently, the plaintiff was entitled to receive disability benefits five (5) months after October 29, 1975, when he was determined to be disabled. This means that when the plaintiff returned to work on May 17, 1976, he had completed the five (5) month waiting period and could begin a

---

**1.** See Exhibit 12, (tr. 94) and (tr. 33).

**2.** 42 U.S.C.A. § 422(c)(2) provides that "any services rendered by an individual during a period of trial work shall be deemed not to have been rendered by such individual in determining whether his disability has ceased in a month during such period." Section 422(c)(3) provides that a "period of trial work for any individual shall begin with the month in which he becomes entitled to disability insurance ben-

efits . . ." and § 422(c)(4) provides that a period of trial work shall end with the close of whichever of the following months is earlier: (A) "the ninth month, beginning on or after the first day of such period, in which the individual renders services (whether or not such nine months are consecutive); or (B) the month in which his disability (as defined in § 423(d) of this title) ceases (as determined after application of Paragraph 2 of this subsection)."

trial work period at that time without the usual consequence of the work being considered as evidence of his ability to perform substantial gainful activity. *McMillen v. Califano, supra.* Such a result is in keeping with the liberal construction of the Act which should be construed in favor of the claimant if any basis exists under which relief may be granted. *Randall v. Flemming,* 192 F.Supp. 111 (W.D.Mich.1961).

Accordingly, we make the following

## RECOMMENDATION

Now, this 23rd day of January, 1980, IT IS RESPECTFULLY RECOMMENDED that the plaintiff's motion for summary judgment should be GRANTED, and the Secretary's motion should be DENIED.