**Nelda SANCHEZ, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 80–2355**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

April 27, 1981.

Bill McKee, Legal Aid Association, San Antonio, Tex., for plaintiff-appellant.

Jamie C. Boyd, U. S. Atty., San Antonio, Tex., for defendant-appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

**PER CURIAM:**

The Social Security Act provides for disability insurance benefits for eligible wage earners "for each month beginning with the first month after his waiting period." 42 U.S.C. § 423(a)(1)(i). The waiting period is defined as "the earliest period of five consecutive calendar months . . . throughout which the individual . . . has been under a disability." 42 U.S.C. § 423(c)(2).[1] The wage earner here, Chris Sanchez,[2] brought this suit claiming that the Secretary of Health and Human Services wrongly interpreted the statutory definition of "waiting period" and, in doing so, deprived him of Social Security disability benefits. Sanchez claims that the waiting period began on the day he became disabled, November 15, 1977.[3] The Secretary contends that the waiting period began on the first day of the month following the onset of the disability, December 1, 1977, because the statute requires that only *entire* calendar months be counted. The Appeals Council of the Social Security Administration and the district court agreed with the Secretary's interpretation. We disagree.

The Secretary, in his interpretation of the statute, puts great emphasis on the inclusion of the word "calendar" in the statute. He contends that a "calendar month" must run from the first day of a month to the last day of that same month. Under his interpretation, Sanchez' five month waiting period runs from December 1, 1977 to May 1, 1978, with May 1978 being the first

---

1. The entire provision reads as follows:
   (2) The term waiting period means, in the case of any application for disability insurance benefits, the earliest period of five consecutive calendar months—
   (A) throughout which the individual with respect to whom such application is failed has been under a disability, and
   (B)(i) which beings not earlier than with the first day of the seventeenth month before the month in which such application is filed if such individual is insured for disability insurance benefits in such seventeenth month, or
   (ii) if he is not so insured in such month, which begins not earlier than with the first day of the first month after such seventeenth month in which he is so insured.

   Notwithstanding the preceding provisions of this paragraph, no waiting period may begin for any individual before January 1, 1957.

2. Sanchez originally filed this action with the district court. During its pendency, however, he died and his wife, Nelda Sanchez, was substituted as plaintiff. For simplicity's sake, throughout this opinion the plaintiff-appellant will be referred to as "the wage earner" or "Sanchez."

3. It is conceded by all parties that Sanchez became disabled within the meaning of the Social Security Act, 42 U.S.C. § 423(d)(1), on November 15, 1977.

month in which he is entitled to benefit payments.

We decline to give the inclusion of the word "calendar" such importance. It is true that "calendar month" may have the meaning given to it by the Secretary in certain contexts. But a "calendar month" may also run from any given day in one month to the day of the corresponding number in the next month. "Calendar month" here means a month's period of time, whether it be thirty-one, thirty, or twenty-eight days. Five consecutive calendar months of disability for Sanchez ran from November 15, 1977, to April 15, 1978.

Our interpretation of the statute is further supported by the phrase "*the earliest period* of five consecutive calendar months" (emphasis added). This phrase has no meaning whatsoever if one were to interpret the statute as did the district court. Its inclusion suggests that the waiting period is to begin on the specific day on which the disability begins rather than waiting until the first day of the following month.

The language of § 423(c)(2)(B) also supports our interpretation of part (A) of that section. Subparagraph (B) sets a limit on the earliest point at which the waiting period may begin. The waiting period may begin no earlier than "the *first day* of the seventeenth month" (emphasis added) before the application of disability benefits is filed. This indicates that the waiting period as defined in (A) may begin on days other than the first day of a month.

This is a question of first impression for this circuit. In *Malveaux v. Mathews*, 546 F.2d 108 (5th Cir. 1977), however, a panel of this court set the proper starting date for disability benefits at May 26, 1972, when the disability began on December 26, 1971. There the district court had set the date of eligibility on the date of *disability*, failing to take the five month waiting period into account. That panel was not called on to construe the phrase that we must construe

today, but its judgment contradicts the Secretary's argument that his interpretation complies with the plain meaning of the statute.

The only other court of appeals to expressly consider the issue of when the statutory waiting period begins came to the same decision as we do. In considering the statute as it existed before the 1972 amendments that changed the waiting period from six months to five months, Social Security Amendments of 1972, Pub.L. 92–603, Title I, § 116(a), 86 Stat. 1350, the Sixth Circuit said:

> "We are unable to accept the Secretary's interpretation of the phrase. The Social Security Act is to be construed liberally in favor of the claimant. *Davidson v. Gardner*, 370 F.2d 803 (6th Cir. 1966). Although we realize that a line must be drawn somewhere with respect to the 'waiting period,' the drawing of that line must bear some reasonable relationship to the purposes of the Act. In the present case, the appellee had been disabled for over a half year consecutively. This period fully satisfies the requirement of the Act insofar as the element of time is concerned. The phrase in question is concerned with the length of time an individual must be disabled before he may receive benefits. Under the Secretary's interpretation, the period of time required would vary from individual to individual depending upon how late in the month the disability occurred. We are of the view that it was the purpose of the Act to provide a uniform time period for all cases and that the District Court's finding that 'six consecutive calendar months' means one half year is the correct interpretation. The appellee was disabled and out of work for over one half year and was thus entitled to the benefits afforded him under the Act."

*Otworth v. Finch*, 435 F.2d 542, 543 (6th Cir. 1970).[4]

---

4. The Sixth Circuit was considering 42 U.S.C. § 422(c)(3), which sets the allowable period of trial work for a disabled person entitled to benefits under the Act. That section provides:

"a period of trial work . . . shall begin with the month in which he becomes entitled to disability insurance benefits." Since a person is entitled to disability insurance benefits only after

We are also required to consider the remedial purposes of the Social Security Act and broadly construe the statute in favor of coverage if such a construction is reasonable. *Broussard v. Weinberger*, 499 F.2d 969, 970 (5th Cir. 1974). We agree with the Sixth Circuit's reasoning in *Otworth* and will not require claimants for disability benefits to wait longer for those benefits to accrue than the statute obviously contemplates.

We hold that Sanchez completed his statutory waiting period on April 15, 1978, and is entitled to disability benefits as of that date.

REVERSED and REMANDED.

he completes the waiting period defined in § 423(c)(2), it became necessary for the court to consider that section in determining whether the wage earner had begun work after the period of trial work began.