**Nelda SANCHEZ, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 80–2355.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 17, 1981.

Bill McKee, Legal Aid Ass'n, San Antonio, Tex., for plaintiff-appellant.

Hugh P. Shovlin, Asst. U.S. Atty., San Antonio, Tex., Gabriel L. Imperato, Social Security Administration, Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.

## ON PETITION FOR REHEARING

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

We GRANT the petition for a rehearing of the Secretary of Health and Human Services and VACATE our prior panel opinion. See *Sanchez v. Schweiker*, 643 F.2d 1128 (5th Cir. 1981).

The issue in this appeal is whether the statutory five month waiting period between the onset of a disability and the entitlement to Social Security disability insurance benefits of a wage earner, who becomes disabled on a date other than the first day of a month, begins on the date the wage earner becomes disabled or on the first day of the next month.[1] In our original panel opinion we held that the five month waiting period for disability insurance benefits begins on the date the wage earner becomes disabled. We concluded that the term "calendar month," as it is used in the clause defining the waiting period as "the earliest period of five consecutive calendar months ... throughout which the individual ... has been under a disability," Social Security Act § 223(c)(2); 42 U.S.C. § 423(c)(2) (1976), "means a month's period of time, whether it be thirty-one, thirty, or twenty-eight days." 643 F.2d at 1130. After considering the petition for a rehearing of the Secretary and the answer of the appellant, *see* Fed.R.App.P. 40(a), we are persuaded that the term "calendar month" as it is used in defining the waiting period for Social Security disability insurance benefits means a period of time measured from the first day of a month to the last day of a month. Therefore, the five month waiting period for a wage earner who is disabled on a date other than the first day of a month begins on the first day on the succeeding month.

The wage earner, Chris Sanchez,[2] brought this action in United States district court complaining that the Secretary of Health and Human Services had misinterpreted the

1. The Social Security Act provides disability insurance benefits to eligible wage earners "for each month beginning with the first month after his waiting period." Act § 223(a)(1)(i); 42 U.S.C. § 423(a)(1)(i) (1976).

   The term "waiting period" means, in the case of any application for disability insurance benefits, the earliest period of five consecutive calendar months—
   (A) throughout which the individual with respect to whom such application has been filed has been under a disability, and
   (B)(i) which begins not earlier than with the first day of the seventeenth month before the month in which such application is

filed if such individual is insured for disability insurance in such seventeenth month, or (ii) if he is not so insured in such month, which begins not earlier than with the first day of the first month after such seventeenth month in which he is so insured.

Act § 223(c)(2); 42 U.S.C. § 423(c)(2) (1976).

2. Sanchez originally filed this action in the district court. During its pendency, however, he died and his wife, Nelda Sanchez, was substituted as plaintiff. For simplicity's sake, throughout this opinion the plaintiff-appellant is referred to as "Sanchez."

statutory definition of "waiting period" and, as a result, had deprived him of Social Security disability benefits. Sanchez became disabled on November 15, 1977.[3] The Secretary determined that Sanchez' waiting period began on the first day of the month following the onset of his disability, December 1, 1977, and that it expired five months later at the end of April 1978. According to the Secretary's interpretation, Sanchez was first entitled to benefit payments for May 1978. Sanchez claimed that under the Act his waiting period began with the onset of his disability. Thus, according to his analysis, his waiting period ran from November 15, 1977 to April 15, 1978, and disability benefits were due immediately thereafter. The district judge agreed with the Secretary. Sanchez filed this appeal. We now affirm the judgment of the district court.

Critical to our decision in this appeal is an understanding of the relationship between Social Security disability insurance benefits and Social Security old-age insurance benefits. As revised in 1939, the Social Security Act provided that otherwise qualified individuals who had attained the age of 65 were entitled to old-age insurance benefits. Social Security Act Amendments of 1939, ch. 666, sec. 201, § 202(a), 53 Stat. 1362–1363. The law specifically stated that recipients were entitled to benefits "for each month" and that benefits began with the first "month ... such individual bec[a]me ... entitled." *Id.*

By the 1950's, Congress had become acutely aware of the plight of the disabled worker. It was apparent that state disability benefit programs were not functioning effectively. Men and women, who were insured to receive old-age benefits under the Social Security Act and were no longer able to work, were being forced in a period of destitution after the onset of their disability until they were eligible to receive old-age benefits at age 65. *See* H.R. Rep.No. 1189, 84th Cong., 1st Sess. 3–6 (1955); S.Rep.No. 2133, 84th Cong., 2d Sess.

127–34, *reprinted in* [1956] U.S.Code Cong. & Ad.News 3877, 3941–47 (minority views of Sens. George, Long & Douglas).

In order to eradicate this problem, Congress expanded the Social Security program to provide disability insurance benefits as an adjunct to old-age benefits. Under the disability insurance program as it was first established, those insured under the Act who were at least 50 years of age and could prove that they were unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration," Social Security Amendments of 1956, ch. 836, sec. 103, § 223(c)(2), 70 Stat. 815, *codified as amended*, 42 U.S.C. § 423(d)(1)(A) (1976), were entitled to receive disability insurance benefits. *Id.* § 223, 70 Stat. 815. Like the old-age insurance program, a disabled individual was entitled to benefits "for each month, beginning with the first month ... he bec[a]me so entitled." *Id.* § 223(a)(1), 70 Stat. 815; *see* H.R.Rep.No. 1189, 84th Cong., 1st Sess. 27 (1955) ("Monthly disability insurance benefits would be payable beginning with the first month after a ... waiting period ...."). The disability insurance payment was set at an amount equivalent to that which the insured would have received had he been eligible for old-age insurance benefits. Social Security Amendments of 1956, ch. 836, sec. 103, § 223(a)(2), 70 Stat. 815; *see* H.R.Rep.No. 1189, 84th Cong., 1st Sess. 27 (1955). Because disability insurance was, in fact, early eligibility for old-age benefits, Congress provided that when the insured became eligible for old-age benefits his monthly disability benefits would cease. Social Security Amendments of 1956, ch. 836, sec. 103, § 223(a)(1)(B), 70 Stat. 815; *see* H.R. Rep.No. 1189, 84th Cong., 1st Sess. 27 (1955).

■ It is against this background of eligibility determinations and benefit payments "for each month" that we must in-

---

**3.** It is conceded by all parties that Sanchez became disabled within the meaning of § 223(d)(1) of the Social Security Act, 42 U.S.C. § 423(d)(1) (1976), on November 15, 1977.

terpret the statute before us now. *See United States v. Alexander*, 602 F.2d 1228, 1231 (5th Cir. 1979) ("a particular clause or phrase of a statute cannot be read in isolation but must be construed as part of a statutory whole"); *Haberman v. Finch*, 418 F.2d 664, 666 (2d Cir. 1969). When originally enacted as a supplement to old-age insurance benefits in 1956, Congress provided that an applicant for disability insurance benefits must satisfy a waiting period of "the earliest period of six consecutive calendar months."[4] Social Security Amendments of 1956, ch. 836, sec. 103, § 223(c)(3), 70 Stat. 816, *codified as amended*, 42 U.S.C. § 423(c)(2) (1976). Although the legislative history provides only a limited explanation of Congress' interpretation of this provision,[5] we are convinced that Congress meant to continue the established practice under the Social Security Act whereby recipients both qualified for and received benefits for each month. The Social Security Amendments of 1956 itself defines an eligible recipient by providing "[a]n individual shall be insured for disability insurance benefits in any month." Social Security Amendments of 1956, ch. 836, sec. 103, § 223(c)(1), 70 Stat. 815. The accompanying House report notes that "disability insurance benefits would be payable with the first month." H.R.Rep.No. 1189, 84th Cong., 1st Sess. 27 (1955). In that context the term "calendar month" as it is used in

section 223(c)(2) of the Social Security Act, 42 U.S.C. § 423(c)(2) (1976), means a period of time beginning on the first day of the month and ending on the last day of the same month.

We are fortified in our conclusion by examples in reports of both of the congressional committees charged with overseeing the operation of the Social Security Act. When section 223(c)(2) of the Social Security Act, 42 U.S.C. § 423(c)(2) (1970), was amended in 1972 to reduce the waiting period for disability insurance benefits from six to five months,[6] reports accompanying the legislation in both Houses of Congress included a case demonstrating a situation in which, as here, the wage earner became disabled on a date other than the first day of the month.[7] Both examples show that the statutory waiting period begins on the first day of the month following the onset of the disability. Specifically, the report of the House Ways and Means Committee provides:

> Your committee's bill would reduce the waiting period for disability insurance benefits by one month. Under present law, entitlement to disability benefits cannot begin until after a worker has been disabled through a waiting period of 6 consecutive full months. For example, if a worker becomes disabled on January 10, the waiting period is the 6 full months February through July, his first month of

---

4. Congress reduced the statutory waiting period for disability benefits from six to five months in 1972. Social Security Amendments of 1972, Pub.L.No. 92–603, sec. 116(a), 86 Stat. 1350.

5. Because the Senate Finance Committee recommended against providing disability benefits under the Social Security Act, *see* S.Rep.No. 2133, 84th Cong., 2d Sess. 3–5, *reprinted in* [1956] U.S.Code Cong. & Ad.News 3877, 3879–81, the only explanation of the statutory waiting period is contained in the report of the House Ways and Means Committee.

6. *See* note 4, *supra*.

7. We, of course, recognize that a report of a congressional committee in 1972, 16 years after Congress enacted the disability insurance program in the Social Security Amendments of 1956, neither forms a part of the legislative history surrounding the passage of the 1956

Amendments nor sheds any light on the intent of the Congress that originally enacted the disability insurance program. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 757, 99 S.Ct. 2066, 2072, 60 L.Ed.2d 609 (1979). Nevertheless, "Congress is presumed to be aware of an administrative . . . interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change." *Lorillard v. Pons*, 434 U.S. 575, 580, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978). Thus, here, when Congress re-enacted the statutory waiting period without a change in the language other than substituting a "five" for a "six," and it referred in its committee reports to the current administrative interpretation, we are guided by the administrative interpretation of the statute as reflecting the intent of Congress. *United States v. Board of Commissioners*, 435 U.S. 110, 134, 98 S.Ct. 965, 980, 55 L.Ed.2d 148 (1978).

entitlement to benefits is August, and the first benefit check is payable in early September.... [T]his latter provision would not be changed by your committee's bill.

H.R.Rep.No. 231, 92d Cong., 1st Sess. 56, *reprinted in* [1972] U.S.Code Cong. & Ad. News 4989, 5042.[8]

■ We also are reluctant to substitute our construction of the statute for that of the Secretary. The Secretary of Health and Human Services is the principal executive official charged with administering the Social Security Act. He and his predecessors consistently have interpreted the statutory waiting period for disability benefits to begin on the first day of a month. *See, e. g.* 20 C.F.R. § 404.308 (1965), 29 Fed.Reg. 12,286 (1964); 20 C.F.R. § 404.308 (1971), 33 Fed.Reg. 13 (1968).[9] Furthermore, as demonstrated by the congressional committee reports, when Congress shortened the waiting period from six to five months it did so fully aware of the Secretary's interpretation of the statute. Under these circumstances, the Secretary's construction of the statutory waiting period is entitled to "great weight." *See Saxbe v. Bustos,* 419 U.S. 65, 74, 95 S.Ct. 272, 279, 42 L.Ed.2d 231 (1974) ("This longstanding administrative construction is entitled to great weight, particularly when, as here, Congress has revisited the Act and left the practice untouched. Such a history of administrative construction and congressional acquiescence may add a gloss or qualification to what is on its face unqualified statutory language."); *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 565, 100 S.Ct. 790, 797, 63 L.Ed.2d 22 (1980); *see generally* 2 K. Davis, Administrative Law Treatise § 7:14 (2d ed. 1979).

■ Moreover, we are convinced that the Secretary's interpretation of the statute may be justified on the grounds of administrative simplicity. Clearly, his interpretation establishes a more efficient administration of the disability insurance program. By selecting one date, the first day of each month, rather than many, on which to begin payments, more of the system's assets will

---

**8.** The report of the Senate Finance Committee incorporated the same example used in the report of the House Ways and Means Committee.

> Under present law, entitlement to disability benefits cannot begin until after a worker has been disabled throughout a waiting period of 6 consecutive full months. For example, if a worker becomes disabled on January 10, the waiting period is the 6 full months February through July; his first month of entitlement to benefits is August, and the first benefit check is payable in September. No benefit is payable, however, unless the disability is expected to last (or has lasted) at least 12 consecutive months, or to result in death.

S.Rep.No. 1230, 92nd Cong., 2d Sess. 158 (1972).

**9.** Regulations adopted in 1964 demonstrate that the Secretary and his predecessors consistently have interpreted the statutory waiting period to consist of "calendar months" that begin on the first day of a month and end on the last day of a month. The 1964 regulations provided that "[a] waiting period is ... 6 *full* consecutive calendar months." 29 Fed.Reg. 12,286 (1964), *codified in* 20 C.F.R. § 404.308 (1965) (emphasis added). The 1964 regulations also provided that if an individual's disability began "on the first day of the month and continues through the last day of the month, such month shall be considered as a full calendar month." *Id.* If the Secretary had construed the statute as beginning the waiting period on a date other than the first day of a month, there would have been no reason for the Secretary to include this provision.

A later revision of the regulations clearly demonstrates that the Secretary has adhered to his interpretation that the statutory waiting period begins on the first day of a month. These regulations originally appeared in 1974 and also refer to a waiting period as consisting of "*full* consecutive calendar months." 39 Fed. Reg. 21,047 (1974), *codified in* 20 C.F.R. § 404.-308 (1979) (emphasis added). These regulations also contain the example of the wage earner who becomes disabled on the first day of the month. As before, this individual's waiting period begins on the day he became disabled—the first day of a month. *Id.*

The most recent revision of the regulations does not contain the specific language used in previous regulations. *See* 20 C.F.R. § 404.-320(b)(4) (1981). This revision, however, was intended to explain the Secretary's policies in plain language. No change in substance was intended. *See* 44 Fed.Reg. 34,479 (1979) ("The primary purpose of this recodification is to restate the rules so that they will be easier for the public to understand and use.").

be channeled away from administrative costs and to the beneficiaries.

■ We hold that Sanchez, who became disabled on November 15, 1977, began his statutory waiting period on December 1, 1977. He completed his statutory waiting period at the end of April 1978. He is entitled to disability insurance benefits beginning with the month of May 1978.[10]

The judgment of the district court is AFFIRMED.

**10.** Other than the decision of this panel in our prior opinion, our research has uncovered no decision of another court of the United States that has squarely decided whether the waiting period of a wage earner who is disabled on a date other than the first day of a month begins with the onset of the disability or on the first day of the next month. Those opinions that do not seem to coincide with our decision are, upon closer examination, cases in which this issue was not presented to the court. *See, e. g., Malveaux v. Mathews,* 546 F.2d 108 (5th Cir. 1977); *Campbell v. Califano,* 483 F.Supp. 1036 (E.D.Pa.1980). The Sixth Circuit's decision in *Otworth v. Finch,* 435 F.2d 542, 543 (6th Cir. 1970), primarily focused on the construction of

§ 222(c) of the Act, 42 U.S.C. § 422(c) (1964), and, to the extent that the court may have held that the phrase " 'six consecutive months' means one half year," 435 F.2d at 543, instead of a period of time beginning with the first day of a month, its decision was substantially undermined by the legislative history of the Social Security Amendments of 1972. *See* text accompanying notes 6–8, *supra.* Indeed, many recent opinions are consistent with our decision. *See, e. g., Davis v. Schweiker,* 641 F.2d 283 (5th Cir. 1981); *Campbell v. Califano,* 483 F.Supp. 1306 (E.D.Pa.1980).