Diane ROBBINS, Appellant,

v.

Richard S. SCHWEIKER, Appellee.

No. 82–2193.

United States Court of Appeals,
Eighth Circuit.

Submitted May 27, 1983.
Decided June 2, 1983.

Richard L. Slagle, Wootton, Land & Matthews, Hot Springs, Ark., for appellant.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., W. Asa Hutchinson, U.S. Atty., Fort Smith, Ark., Frank V. Smith, III, Regional Atty., Charlene M. Seifert, Asst. Regional Atty., Office of the General Counsel, U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Before BRIGHT, ROSS and JOHN R. GIBSON, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

The sole issue for our decision is whether the five month waiting period for entitlement to disability insurance benefits under 42 U.S.C. § 423(a)(1) commences on the day the claimant becomes disabled, or on the first day of the following month. The district court[1] held that the waiting period commences on the first day of the month following the month in which the claimant becomes disabled. Accordingly it found that Diane Robbins's waiting period began on February 1, 1980 and she became entitled to benefits on July 1, 1980, and that the amendments to the Social Security Act which became effective July 1, 1980 governed the computation of benefits in her case. This resulted in a decrease of her monthly benefits and those of her children. Robbins appeals arguing that her waiting period began on the date she became disabled, January 24, 1980, and ended June 24, 1980, and therefore the 1980 amendments are inapplicable. We affirm the judgment of the district court.

The appellant, Diane Robbins, filed an application for disability insurance benefits alleging that on January 24, 1980, she became blind. On April 19, 1980, the Social Security Administration (SSA) issued her an award certificate and advised her that starting July 1980 she would be entitled to monthly benefits of $509.30, and her two children monthly benefits of $190.90 each. However, by letter dated August 7, 1980, the SSA informed Robbins that the 1980 amendments to the Social Security Act, sec-

1. The Honorable Oren Harris, Senior District Judge, United States District Court for the Western District of Arkansas.

tion 102(a) of Public Law 96–265, which amended 42 U.S.C. § 415(b)(2)(A) by reducing the number of drop-out years for younger workers, mandated that her benefits be reduced to $342.30 and her children's benefits to $85.60. The 1980 amendments "apply with respect to . . . an individual who first becomes entitled to disability benefits on or after July 1, 1980." 42 U.S.C. § 415 note (Effective Date of 1980 Amendment).

After exhausting her administrative remedies, Robbins brought an action against the Secretary in the district court. Both Robbins and the Secretary moved for summary judgment, and the court held that the 1980 amendments were applicable to Robbins and entered judgment for the Secretary.

Under Section 223(a)(1) of the Social Security Act (42 U.S.C. § 423(a)(1))[2] several criteria must be met before an individual becomes "entitled" to disability benefits. One of those criteria is the individual must complete a "waiting period"[3] of five consecutive calendar months. Robbins argues that since she became disabled on January 24, 1980, on June 24, 1980, she had completed her five month waiting period and therefore was "entitled" to disability benefits on that date. The Secretary argues that even though Robbins became disabled on January 24, 1980, her waiting period did not begin until February 1, 1980, and she became entitled to benefits on July 1, 1980, the critical date for determining whether the 1980 amendments were applicable.

Robbins relies upon the language of 42 U.S.C. § 423(a)(1) to support her position that the waiting period begins on the date of disability. Focusing on this language:

"every individual . . . shall be entitled to a disability insurance benefit (i) for each month beginning with the first month after his waiting period . . . in which he becomes so entitled to such insurance benefits," she interprets section 423(a)(1) as making a distinction between the date on which a claimant becomes *entitled* to benefits and the date those benefits start to *accrue*. She admits that benefits can begin to accrue only on the first day of a month, but she argues that the waiting period can end (and thus entitlement begin) before benefits accrue. She further reasons that since the waiting period can end before benefits accrue, the only logical date on which to end it is five months after the date of disability.

The language on which Robbins relies in § 423(a)(1) does not clearly address the question of when the waiting period begins, but the legislative history of this section does not support her argument. In 1972 Congress changed the length of the waiting period under § 423(a)(1) from six calendar months to the current five calendar month period. Social Security Amendments of 1972, Pub.L. No. 92–603, § 116(a), 86 Stat. 1329 (codified at 42 U.S.C. § 423(c)(2)). The legislative history to the 1972 amendments clearly explains how the waiting period should be calculated. The report of the House Ways and Means Committee states:

Your committee's bill would reduce the waiting period for disability insurance benefits by one month. Under present law, entitlement to disability benefits cannot begin until after a worker has been disabled through a waiting period of 6 consecutive full months. For example, if a worker becomes disabled on January 10, the waiting period is the 6 full months

2. 42 U.S.C. § 423(a)(1) provides in pertinent part:

(1) Every individual who
  (A) is insured for disability insurance benefits, . . .
  (B) has not attained the age of sixty-five,
  (C) has filed application for disability insurance benefits, and
  (D) is under a disability. . . . shall be entitled to a disability insurance benefit (i) for

each month beginning with the first month after his waiting period (as defined in subsection (c)(2) of this section) in which he becomes so entitled to such insurance benefits.

3. 42 U.S.C. § 423(c)(2) defines "waiting period" as: "the earliest period of five consecutive calendar months—(A) throughout which the individual with respect to whom such application is filed has been under a disability. . . ."

February through July, his first month of entitlement to benefits is August....[4]

This language demonstrates that the 1972 Congress viewed as established the Secretary's practice of starting the waiting period on the first day of the month following the month in which the claimant becomes disabled. In re-enacting the waiting period, Congress made no changes other than substituting the "five" for a "six". Where Congress, having full knowledge of a long-standing administrative construction of a statute, revisits the statute and leaves it untouched, the administrative construction is entitled to great weight. *Saxbe v. Bustos,* 419 U.S. 65, 74, 95 S.Ct. 272, 278, 42 L.Ed.2d 231 (1974).

We conclude that it was the intent of Congress that the waiting period begin on the first day of the month following the month in which the claimant becomes disabled.

We find support for our position in *Sanchez v. Schweiker,* 656 F.2d 966 (5th Cir. 1981), *cert. denied,* 456 U.S. 943, 102 S.Ct. 2008, 72 L.Ed.2d 465 (1982), in which the Fifth Circuit also addressed the issue of when the waiting period begins. The court originally held that the five month waiting period begins on the date the claimant becomes disabled. 643 F.2d at 1128, *vacated,* 656 F.2d 966 (5th Cir.1981). However, after carefully analyzing the legislative history of the Social Security Act on rehearing, the court held that "the five month waiting period for a wage earner who is disabled on a date other than the first day of a month begins on the first day of the succeeding month." 656 F.2d at 967.

In examining the Act's legislative history the court found that when Congress enacted the disability benefits program in 1956, it viewed that program as a supplement to the old age benefits program. Under the old age benefits program, the established practice was that recipients both qualified for and received benefits on a monthly ba-

sis. The court concluded that in enacting the disability benefits program Congress intended to continue that practice. *Id.* at 969. The Fifth Circuit also found support for its holding in the legislative history to the 1972 amendment which changed the waiting period from six to five consecutive months, which we have discussed. The court also viewed administrative simplicity as justification for its interpretation.

Robbins relies upon the Sixth Circuit case *Otworth v. Finch,* 435 F.2d 542, 543 (6th Cir.1970), which held that the waiting period began on the date disability began, to support her position that the waiting period begins on the date of disability.

In explaining its rationale for its holding, the *Otworth* court stressed that the Social Security Act should be construed liberally in favor of the claimant. It further reasoned that under the Secretary's interpretation, the actual length of the waiting period would vary from claimant to claimant, depending on how late in the month the disability occurred. *Id.* The court believed that such a result would conflict with what it perceived to be Congress' intent in enacting section 423(a)(1): to establish a *uniform* time period for all disability cases. *Id.* The court cited no legislative history to support this interpretation of section 423(a)(1). *Otworth* was decided in 1970, two years before the 1972 amendment to the Social Security Act which changed the waiting period from five to six months. Thus the *Otworth* court did not have the benefit of reviewing the legislative history of this amendment which we find persuasive of the intent of Congress.

While Robbins attempts to reconcile *Otworth* and *Sanchez,* we find the cases to be in conflict and believe *Sanchez* is the better reasoned approach to the issue.

The district court did not err in concluding that Robbins's waiting period began on the first day of the month following the month in which her disability commenced.

---

4. H.R.Rep. No. 231, 92d Cong., 1st Sess. 56, *reprinted in* [1972] U.S.Code Cong. & Ad.News 4989, 5042. The report of the Senate Finance Committee incorporated the same example used in the report of the House Ways and Means Committee. *See* S.Rep. No. 1230, 92d Cong., 2d Sess. 158 (1972).

She was thus entitled to benefits July 1, and the benefits were subject to the amendment. The judgment of the district court is therefore affirmed.