**Jose M. RIVERA, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary Health and Human Services, Defendant.**

**No. 77 Civ. 1928 (LLS).**

United States District Court, S.D. New York.

Aug. 4, 1986.

Skadden, Arps, Slate, Meagher & Flom, New York City (Jeremy A. Berman, of counsel), for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Rosemarie E. Mat-era, Sp. Asst. U.S. Atty., Annette H. Blum, Regional Counsel, and Cornelia Dude, Asst. Regional Counsel, of counsel), for defendant.

## OPINION AND ORDER

STANTON, District Judge.

Plaintiff Jose M. Rivera brought this action pursuant to 42 U.S.C. § 405(g) for a review of a final decision of the Secretary of Health and Human Services denying plaintiff's application for disability insurance benefits. Both parties moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). In her Report and Recommendation dated April 1, 1986 ("Report"), and Supplemental Report dated April 24, 1986 ("Supp. Report"), Magistrate Grubin recommended that plaintiff's motion be granted and the case be remanded to the Secretary for calculation of the period of disability and award of benefits. Defendant Secretary now timely objects pursuant to Local Magistrate Rule 7 to two of Magistrate Grubin's proposed findings: (1) the standard used in evaluating plaintiff's complaints of pain; and (2) the date from which plaintiff's benefits should be calculated.

## DISCUSSION

### (1) Standard Used to Evaluate Complaints of Pain

In determining whether plaintiff could perform sedentary work, the Administrative Law Judge ("ALJ") discounted plaintiff's subjective complaints of pain because they "were not corroborated by the evidence." Report, pp. 24–25. Magistrate Grubin found that the ALJ's action was improper and stated that "[s]ubjective complaints of pain may serve as a basis for establishing disability even if unaccompanied by positive clinical findings or other objective evidence." *Id.*, at 25. Defendant Secretary contends that Magistrate Grubin's statement applies an improper standard for the evaluation of subjective complaints of pain.

■ Defendant correctly asserts that an individual's allegations of pain must be evaluated on the basis of a medically determinable impairment that could produce the symptoms alleged. *See* 42 U.S.C. § 423(d)(5)(A); *Rivera v. Schweiker,* 717 F.2d 719 (2d Cir.1983); *Gallagher v. Schweiker,* 697 F.2d 82, 84–85 (2d Cir.1983) (allegations of severe pain must be accompanied by medical evidence identifying underlying impairment); *Landry v. Heckler,* 782 F.2d 1551 (11th Cir.1986). The proper standard for evaluating pain is provided by statute, which reads in pertinent part:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability ... there must be medical signs and findings ... which show the existence of a medical impairment ... or which could reasonably be expected to produce the pain or other symptoms alleged.... Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques ... must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C. § 423(d)(5)(A); *see Landry v. Heckler,* 782 F.2d at 1553 (new standard requires evidence of an underlying medical condition and (1) objective medical evidence that confirms severity of alleged pain or (2) that objectively determined medical condition is of such severity that it can be reasonably expected to give rise to alleged pain.)

■ While her statement standing alone appears to misstate the law, Magistrate Grubin's findings of fact support her conclusion that plaintiff's complaints of pain were improperly discounted by the ALJ in determining whether plaintiff had the capacity to perform sedentary work and thus should be denied disability benefits. Moreover, after a comprehensive discussion of plaintiff's hospital medical reports and those of each of plaintiff's treating physicians, Magistrate Grubin concluded that those reports "do document Mr. Rivera's complaints of severe, persistent pain in his back and leg during the period between 1971 and 1974." Report, p. 26.

Dr. Graubard reported that plaintiff was "suffering from severe back pain and was either totally or partially permanently disabled during [the period 1969–1974]". *Id.,* at 14. Dr. Giovanelli, who diagnosed plaintiff upon his discharge in January 1974 from Metropolitan Hospital, reported that plaintiff "had been suffering from low back pain with radiation down his lower left extremity to his toes, occasional paresthesias and ankle weakness", and diagnosed plaintiff as suffering from "low back derangement". *Id.* at 15–16. Other records from plaintiff's visits to the hospital also show that plaintiff suffered persistent low back pain. Dr. Baker, who reported on plaintiff in 1974 to the Workmen's Compensation Board, also diagnosed plaintiff as suffering from low back derangement. *Id.* at 15. Dr. Ruskin, who treated plaintiff both in 1971 and 1977–1980, reported that plaintiff suffered from a degenerative disease called arachnoiditis, an inflammation of the membrane rubbing the spinal cord. *Id.* at 16.

These reports and diagnoses sufficiently document that plaintiff suffers from a back impairment and confirm plaintiff's complaints of severe, persistent back and leg pain. Moreover, a medical advisor for defendant Secretary, Dr. Harold E. Berson, reported that a person with plaintiff's back ailment could experience the chronic pain symptoms plaintiff described. *Id.* at 12.

Accordingly, under the proper standard, Magistrate Grubin's finding that the ALJ improperly excluded plaintiff's allegations of pain is affirmed.

**(2) Waiting Period**

■ Defendant Secretary asserts that Magistrate Grubin erred in her calculation pursuant to 42 U.S.C. § 423(a) of the date from which plaintiff should begin to receive benefits. Magistrate Grubin states in her Supplemental Report that plaintiff "is entitled to benefits calculated from five months after he became disabled ..." Supp. Report, p. 1. Title 42 U.S.C. § 423(a) does

provide for a five month "waiting period", and that period begins on "the first day of the month following the month in which the claimant becomes disabled." *Robbins v. Schweiker*, 708 F.2d 340, 342 (8th Cir. 1983); *Sanchez v. Schweiker*, 656 F.2d 966 (5th Cir.1981), *cert. denied*, 456 U.S. 943, 102 S.Ct. 2008, 72 L.Ed.2d 465 (1982); *see* 42 U.S.C. § 423(c)(2); *see Goldstein v. Harris*, 517 F.Supp. 1314, 1317 (S.D.N.Y.1981) (person becomes eligible for disability insurance benefits five months after the onset of the disability). The amount of time over which a claimant may receive benefits, however, is limited by 42 U.S.C. § 423(c)(2)(B), which provides that the waiting period "begins not earlier than with the first day of the seventeenth month before the month in which [the claimant's] application [for benefits] is filed". *See* 20 C.F.R. § 404.621(a) ("you may receive benefits for up to 12 months immediately before the month in which your application is filed").

The ALJ found that plaintiff is to be deemed disabled as of July 5, 1971. Plaintiff did not challenge that finding. Plaintiff filed his application for disability benefits on January 30, 1974. Pursuant to the statute, plaintiff's five-month waiting period begins the seventeenth month before this (i.e., in August 1972) and he is entitled to receive benefits beginning in January 1973. Magistrate Grubin's finding that plaintiff's benefits should be calculated from five months after he became disabled (i.e., in January 1972) is therefore erroneous. Accordingly, her Supplemental Report is modified to allow benefits from January 1973.

## CONCLUSION

In sum, Magistrate Grubin's finding that plaintiff's subjective complaints of pain were improperly discounted by the ALJ is affirmed, and her calculation of the date from which plaintiff is entitled to receive benefits is modified in accordance with the above discussion.

So ordered.